IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2151-BD |
| | § | |
| DALLAS COUNTY HOSPITAL | § | |
| DISTRICT, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital System ("Parkland") has filed a motion to dismiss or, alternatively, for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion is granted.

I.

Plaintiff John David Shockley, an inmate in the Dallas County Jail, alleges that he was denied prescription medications for a bi-polar disorder and injuries sustained in an automobile accident due to the deliberate indifference and negligence of the jail medical staff. More particularly, plaintiff contends that unidentified Parkland employees[1] failed to administer his prescribed medications of Celexa, Depakote, and Naproxen from August 22, 2006 through September 11, 2006. As a result of not receiving these medications, plaintiff states that he has

---

[1] Effective March 1, 2006, Parkland assumed responsibility for providing medical care to inmates at the Dallas County Jail. (*See* Def. MSJ App. at 005).

"experienced excruciating physical pain and suffered severe episodes of manic and depressive periods." (Plf. Compl. at 2).

On September 1, 2006, plaintiff sued defendant in Texas state court for federal civil rights violations and negligence.[2] After removing the action to federal court, defendant filed a motion for summary judgment as to all claims and causes of action. The motion has been fully briefed by the parties and is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

The prohibition against cruel and unusual punishment embodied in the Eighth Amendment to the United States Constitution requires jail officials "to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care."

---

[2] In addition to Parkland, plaintiff also sued the Dallas County Sheriff's Department. However, the Sheriff's Department is not a legal entity subject to suit. *See Magnett v. Dallas Co. Sheriff's Dept.*, No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, J.).

*Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (internal quotation marks and citations omitted). In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Where, as here, an inmate seeks to hold a governmental entity liable for civil rights violations under 42 U.S.C. § 1983,[3] he must show that the unconstitutional actions of jail officials resulted from a official policy or practice. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also Green v. Dallas Co. Jail*, No. 3-02-CV-4078-M, 2003 WL 21418965 at *3-4 (N.D. Tex. Apr. 29, 2003), *rec. adopted*, 2003 WL 21251716 (N.D. Tex. May 21, 2003) (applying *Monell* to civil rights claim against Parkland Hospital); *Kinzie v. Dallas Co. Hospital Dist.*, 239 F.Supp.2d 618, 624 (N.D. Tex. 2003) (same). This may include persistent or widespread practices which, although not officially authorized, are "so common and

---

[3] The Dallas County Hospital District d/b/a Parkland Health & Hospital System is a political subdivision of the State of Texas. *See* Tex. Health & Safety Code Ann. § 281.001, *et seq.* (Vernon 2001).

well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

B.

Defendant contends that plaintiff cannot prevail on his federal civil rights claim because there is no evidence that his failure to receive Celexa, Depakote, and Naproxen was the result of deliberate indifference on the part of Parkland employees. While tacitly conceding that plaintiff was not given these medications for a three-week period following his transfer from the North Tower to the West Tower of the jail, defendant maintains that this oversight was, at most, due to negligence. In support of this argument, defendant relies on the affidavit of Colleen Eickmeier, Director of Nursing for Parkland's Dallas County Jail Health Department. According to Eickmeier, plaintiff's chart was reviewed by Larry Sadberry, a Mental Health Liaison, on August 31, 2006. At that time, Sadberry noted that plaintiff "has received medication according to notations in his emr." (Def. MSJ. App. at 008 & 023). On September 13, 2006, when plaintiff complained that he had not been getting his medications "for the past couple of weeks," the medical staff immediately re-ordered the Celexa and Depakote. (*Id.* at 009 & 024). No active prescription for Naproxen is reflected in plaintiff's medical file. (*Id.* at 008).

Plaintiff offers no competent evidence to controvert Eickmeier's affidavit.[4] Rather, plaintiff alleges only that he "can prove in a trial that 'deliberate indifference' and 'negligence' caused the

---

[4] Although the verified pleadings of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e), *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), none of the pleadings filed by plaintiff in this case are verified or satisfy the requirements of Rule 56(e).

denial of [his] medication." (Plf. MSJ Resp. at 2). This unsworn, conclusory assertion does not create a genuine issue of material fact for trial. At most, the summary judgment record shows that Sadberry may have been negligent in misreading plaintiff's chart. However, mere negligence is not actionable under 42 U.S.C. § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Nor does plaintiff allege, much less prove, that the three-week delay in receiving his prescription medications was the result of an official policy, custom, or practice attributable to Parkland. Without such evidence, plaintiff cannot survive the summary dismissal of his deliberate indifference claim.

C.

Plaintiff also sues for negligence under Texas common law. A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, No. 3-01-CV-0137-G, 2002 WL 324287 at *4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Accordingly, plaintiff's negligence claim is dismissed without prejudice.

## CONCLUSION

Defendant's motion to dismiss or, alternatively, for summary judgment [Doc. #14] is granted. The court will dismiss plaintiff's federal civil rights claim with prejudice and plaintiff's negligence claim without prejudice by final judgment issued today.

SO ORDERED.

DATED: April 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE